IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Cazares-Romero,<br><br>   Petitioner,<br><br>vs.<br><br>Louis W. Winn, Jr.,<br><br>   Respondent. | No. CIV-12-541-TUC-CKJ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

  On July 20, 2012, Alejandro Cazares-Romero, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) Cazares-Romero claims he is entitled to pre-sentence credit for time spent incarcerated from 8/20/08 to 1/12/09. *Id*.

  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

  The petition should be denied on the merits. Pre-sentence credit is not allowed for time credited to another sentence.

  Background

  Cazares-Romero was convicted of theft in state court and sentenced to five years' imprisonment on October 17, 2007. (Doc. 8, p. 2)

On January 24, 2008, Cazares-Romero was indicted in federal court for illegal reentry after deportation. *Id.* The court issued a writ of habeas corpus ad prosequendum to compel his appearance in federal court. (Doc. 8-1, p. 30)

There is some discrepancy as to when exactly Cazares-Romero was writted from the state authorities. He believes the date was August 20, 2008. (Doc. 1, p. 12) The court will assume this is correct. *But see* (Doc. 8-1, p. 2)

Cazares-Romero eventually pleaded guilty to the federal charge and was sentenced to 63 months' imprisonment on January 12, 2009. (Doc. 8, p. 3) Judge David Campbell ordered that Cazares-Romero receive "credit for time served" and ordered the federal sentence to run concurrently with the state sentence. *Id.*

Cazares-Romero was returned to state authorities on May 1, 2009. *Id.* When he completed his state sentence on September 6, 2011, he was released to federal custody. *Id.*

The Bureau of Prisons (BOP) computes Cazares-Romero's sentence using a start date of January 12, 2009, the date he was sentenced in federal court. (Doc. 8, p. 3) The BOP has awarded pre-sentence credit from April 18, 2007 (the date Cazares-Romero was arrested for his state charge) to October 16, 2007 (the day before he was sentenced by the state court). *Id.*.

In the pending petition, Cazares-Romero argues he is entitled to pre-sentence credit from August 20, 2008, the date he was writted from the state authorities, to January 12, 2009, the date he was sentenced in federal court. (Doc. 1, p. 9)

Discussion

Pre-sentence credit is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent part as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

- 2 -

1     *that has not been credited against another sentence*.

2 18 U.S.C. §3585(b) (emphasis added).

3     In his petition, Cazares-Romero argues he is entitled to sentencing credit from the date he was writted from the state authorities to the date he was sentenced in federal court. This time, however, was credited toward his previously imposed state sentence for theft. (Doc. 8, p. 5) Accordingly, this time cannot be credited toward his federal term of imprisonment. *See* 18 U.S.C. §3585(b); *U. S. v. Wilson*, 503 U.S. 329, 332-333 (1992) (recognizing that time credited toward a state sentence could not be credited later toward a federal sentence); *McRae v. Rios*, 2013 WL 1758770, 5 (E.D.Cal. 2013) ("Since Petitioner has received full credit against his state sentence for [] all of the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum, he is not entitled to any additional credit, i.e., effectively double credits, against his federal sentence for the same period of time.").

    Cazares-Romero argues that the BOP's decision to deny him pre-sentence credit is inconsistent with the trial court's order running his federal sentence concurrent to his state sentence. He is incorrect.

    The trial court's order that the federal sentence should run concurrent to the state sentence directed how the federal sentence was to run *after* it was imposed on January 12, 2009. Pre-sentence credit is a different issue, which is determined by the BOP, not the trial court. *See United States v. Wilson*, 503 U.S. 329, 333 (1992); *Dutton v. U.S. Attorney General*, 713 F.Supp.2d 194, 199 n. 3 (W.D.N.Y. 2010). The trial court's order running his federal sentence concurrent to his undischarged state sentence is not inconsistent with the BOP's decision to deny him pre-sentence credit for the period from August 20, 2008 to January 12, 2009.

RECOMMENDATION

    The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 12th day of September, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge